UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
R.D. WEIS & COMPANY, INC.,

                      Plaintiff,

    -against-

THE CHILDREN'S PLACE RETAIL STORES, INC.,

                      Defendant.
------------------------------------------------------------x

**08 CIV. 4245**

Index No. _____

**COMPLAINT**

**JURY TRIAL DEMAND**

**JUDGE CONNER**

The Plaintiff, R.D. WEIS & COMPANY, INC., by its attorneys, Elefante & Persanis, LLP complaining of the Defendant, respectfully alleges as follows:

### Introduction

1. This is an action for recovery of damages for breach of contract, and quasi-contract under theories of unjust enrichment, and *quantum meruit* for nonpayment of money owed to plaintiff for goods and services sold, and delivered by plaintiff to defendant between November 2007, and March, 2008, and continuing. Defendant owes plaintiff $616, 462.95 dollars for said goods and services delivered and installed, goods ordered and stored in anticipation of delivery and installation and in reliance on placed orders, plus sums owed for storage costs, lost cash discounts due to plaintiff's outlay for goods, interest and costs,

### Jurisdiction

2. Plaintiff is a corporation incorporated under the laws of the State of New York having its principal place of business in the State of New York, and defendant is a corporation incorporated under the laws of the State of Delaware having its principal

place of business in a State other than the State of New York. The matter in controversy exceeds, exclusive of interest and costs the sum specified by 28 U.S.C. § 1332. This Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. § 1367.

### Venue

3. Venue is properly placed in this district as Plaintiff resides in Westchester County, State of New York, a substantial part of the events or omissions giving rise to the claim occurred within this district, and Defendant corporation is subject to jurisdiction throughout the state based on its actual business contact with the entire state, and is therefore deemed a resident of this district pursuant to 28 U.S.C.A. § 1391(c).

### The Parties

4. Plaintiff, R.D. Weis & Company, (hereinafter "R.D. Weis"), was and still is a domestic corporation, engaged in the business of carpet sales and installation, and is incorporated under the laws of the State of New York, with its principal place of business located at 200 William Street, Port Chester, New York 10573.

5. Defendant, The Children's Place (hereinafter "TCP") is a domestic corporation, engaged in the business of retail sales, is incorporated under the laws of the State of Delaware, with its principal place of business located at 915 Secaucus Road, Secaucus, New Jersey 07094.

### Statement of Facts

6. On or about November 13, 2007, Plaintiff R.D. Weis entered into a goods and

services for payment contractual agreement with Defendant, TCP whereby it would provide order, store, deliver and install carpet, specifically Pink & Green Refresh Disney Carpet, a.k.a. Milliken Floor Covering Pixie Dust in approximately 42 of defendant's retail stores, which operate under the name Disney Stores and/or The Children's Place Retail Stores throughout multiple states, with said delivery and installation to begin on or about December 2007. By the terms of the agreement, Plaintiff R.D. Weis agreed to place certain orders for carpet, and related materials, and perform certain work, labor and installation services to include shipping and storage fees in consideration of a price to be paid to Plaintiff R.D. Weis by Defendant TCP, of approximately $616,462.95 plus storage fees of $5,000.00 per month.

7. The offers, consideration, and agreement between the parties was made through verbal communications, and an exchange of written and electronic correspondence and documents between authorized personnel from Defendant TCP exclusively and Plaintiff R.D. Weis exclusively, that included but were not limited to requests for proposals, specific carpet type and installation inclusions, price per square yard requests, store information including location, order size and expected installation scheduled dates, taxes and shipping cost information, unknowns such as cost of removal of existing carpet at locations, specific directions for supplier (R.D. Weis) regarding invoicing to Defendant TCP, and requests for purchase orders.

8. The aforementioned exchange of electronic mail, documents, and purchase and sales information, and the mutual acceptance of the terms and conditions of the contractual agreement, a "meeting of the minds" were conducted between and among authorized personnel from both parties between October , and culminated in a directive to R.D.

Weis from Andy Priftani, Manager, Strategic Planning, The Children's Place, 915 Secaucus Road, Secaucus, New Jersey 07094 on November 13, 2007 to proceed with the order. Plaintiff R.D. Weis assented to the agreement to provide goods and services in exchange and in expectation of compensation for the same.

9. On or about and between November 2007, and March 2008, Plaintiff R.D. Weis duly performed all actions and conditions under the agreement, including the order, shipment, delivery, and installation of carpet for nine (9) TCP stores, with invoiced costs of approximately $199,587.17, (ONE-HUNDRED AND NINETY-NINE THOUSAND AND FIVE HUNDERED AND EIGHTY-SEVEN DOLLARS AND SEVENTEEN CENTS), and the placement of orders of carpet for the remaining 36 stores, including required payment by R.D. Weis to the vendor (Milliken), shipping and freight costs of approximately $416,604.78, (FOUR-HUNDRED AND SIXTEEN THOUSAND AND SIX-HUNDRED AND FOUR DOLLARS AND SEVENTY-EIGHT CENTS), plus monthly storage fees for carpet of $5,000.00 (FIVE-THOUSAND DOLLARS) per month.

10. Plaintiff R.D. Weis's performance under the contract was verified in written and oral communications with Defendant TCP, accepted by Defendant TCP, with all specifics and costs reflected in the invoices provided to Defendant TCP by Plaintiff R.D. Weis on a good faith and timely basis.

11. On or about and between December 2007, and March 2008, Plaintiff R. D. Weis continued to rely on the agreement between the parties and perform under the agreement such that additional carpet orders were placed, additional storage and delivery costs were incurred, (and continue to date), and continued installation took

place, and under an accelerated time period on multiple occasions at the direction and request of Defendant TCP.

12. All such negotiations, communications, purchase orders, invoices, and agreements were directly and exclusively between Plaintiff R.D. Weis and Defendant TCP personnel.

13. On or about December 19, 2007, at or about the time goods were to begin shipping, R.D. Weis provided a written reminder to TCP of the terms and conditions of invoicing and payment terms as and under the agreement with TCP.

14. On or about December 19, 2007, at or about the time goods were to begin shipping, R.D. Weis noticed Defendant TCP that R.D. Weis was making payments to vendor(s) in reliance on the agreement and purchase orders, and that said payments would in turn be due from Defendant TCP net 45 days, as agreed to by the parties.

15. On or about and between January 2008 and March 2008, R.D. Weis continued to perform all duties and responsibilities under the agreement, including agreed upon invoicing procedure, but did not receive any payments for goods and services actually provided and for orders placed in reliance on the agreement.

16. On or about and between February 13, 2008, March 10, 2008, March 11, 2008, March 17, 2008, and March 20, 2008, Plaintiff R.D. Weis sent all invoices to appropriate TCP personnel and to factinvoices@childrensplace.com, as instructed by Defendant TCP which reflected performance completion of nine (9) stores, and goods and services ordered for 36 additional stores, with amounts totaling approximately $199,587.17 for goods and services completed, and $416,604.78 for goods and services to be provided, all according to the terms and conditions of the agreement.

17. On or about and between March 11, 2008, and March 14, 2008, Defendant TCP acknowledged receipt of aforementioned invoices, and responsibility for its obligations under the agreement and its intention to process outstanding invoices within two weeks.

18. Additional invoices and written requests for payment for both completed stores and for orders made in reliance on the agreement, were sent on or about March 20, 2008, March 25, 2008 and March 26, 2008, with continued acknowledgment by Defendant TCP that they would be paid; to date, no payments have been made to or received by Plaintiff R.D. Weis s while Defendant TCP has been and continues to enjoy the benefit of the goods and services delivered by Plaintiff R.D. Weis.

### First Cause of Action

19. Plaintiff reiterates and re-pleads paragraphs 1 through 18 as set forth fully herein.

20. Plaintiff has duly performed all conditions under its agreement with TCP, of which all conditions, fees, pricing and essential terms were offered, considered and assented to by both parties and thus forming an enforceable contract.

21. Both parties willfully, intentionally, and freely negotiated and agreed to all conditions and material terms of the contract, which required that R.D. Weis provide goods, and services, namely carpeting, and related services, including placement of orders, arrangement of storage and shipping of carpeting, and installation approximately 45 stores throughout the United States, owned and/or operated by TCP, in exchange for payment by TCP of approximately $616,462.95, plus storage cost of $5,000.00 per month.

22. That the agreement clearly and unambiguously called for the performance by R.D.

Weis of providing carpet sales and installation for TCP at multiple The Children's Place and Disney Store locations throughout the United States in exchange for payment for that performance as evidenced by precise terms of prices, quantity, schedules, store locations, and purchase orders, and invoices.

23. That the agreed upon price between the plaintiff and Defendant TCP for the work actually done, and invoiced was $199,587.17, of which plaintiff has not received any payment, despite having Plaintiff R.D. Weis having fully performed under the agreement, and Defendant TCP fully accepting such performance.

24. That the payments were to be made in accordance with the agreement between plaintiff and defendant, and as reflected in each and every invoice provided to Defendant TCP for performance, according to Defendant TCP's personnel and instruction.

25. Defendant TCP repeatedly acknowledged verbally and in writing, its commitment and obligation to provide compensation to plaintiff for goods and services rendered and expected.

26. That the plaintiff has not received any payment from Defendant TCP due to TCP's breach of the parties' contract and agreement, and in exchange for R.D. Weis's actual performance as expected, and as such plaintiff has been damaged in the amount of $199,587.17 plus interest and costs.

### Second Cause of Action

27. Plaintiff reiterates and re-pleads paragraphs 1 through 26 as set forth fully herein.

28. Plaintiff has duly performed all conditions under its agreement with TCP, of which all conditions, fees, pricing and essential terms were offered, considered and assented to

7

by both parties and thus forming an enforceable contract.

29. Both parties willfully, intentionally, and freely negotiated and agreed to all conditions and material terms of the contract, which required that R.D. Weis provide goods, and services, namely carpeting, and related services, including placement of orders, arrangement of storage and shipping of carpeting, and installation approximately 45 stores throughout the United States, owned and/or operated by TCP in exchange for total payment by TCP of approximately $416,604.78, plus storage fees of $5,000.00 per month.

30. That the agreement clearly and unambiguously called for the performance by R.D. Weis of providing carpet sales and installation for TCP at multiple The Children's Place and Disney Store locations throughout the United States in exchange for payment for that performance as evidenced by precise terms of prices, quantity, schedules, store locations, and purchase orders, and invoices.

31. That the agreed upon total price between the plaintiff and Defendant TCP for the carpet and materials, and services, including but not limited to ordering, freight and shipping, and installation was approximately $616,462.95, plus storage fees, with $199,587.17 for the 9 stores completed, and $416,604.78 for the stores to be completed, with allowance for certain unknowns as is industry practice, of which plaintiff has not received any payment.

32. That the payments were to be made in accordance with the agreement between plaintiff and defendant, and as reflected in each and every purchase order received, each and every order placed and paid for by plaintiff to vendor(s), and each an every invoice provided to Defendant TCP for actual work done, and in reliance on

continued performance under the agreement.

33. That the plaintiff did pay vendor(s) for goods and services, including but not limited to carpet, shipping costs, storage costs in an approximate amount of $416,604.78, plus continuing storage fees in accordance with and in reliance on the parties' agreement, and plaintiff has been damaged in the same amount as a result of Defendant's breach of contract and nonpayment.

34. That the plaintiff, in good faith and in accordance with the agreement, detrimentally relied on the terms and conditions of the agreement and expected to receive payment by Defendant TCP for its full and expected performance has not received any payment from Defendant TCP due to TCP's breach of the parties' contract and agreement

35. Defendant TCP repeatedly acknowledged verbally and in writing, its commitment and obligation to provide compensation to plaintiff for goods and services rendered and expected.

36. That R.D. Weis has been damaged by Defendant TCP's breach of the contract, and nonpayment in exchange for R.D. Weis's actual performance as relied upon under the agreement and as expected, and as such plaintiff has been damaged in the amount of $416,604.78, plus storage fees of $5,000.00 per month plus interest and costs.

### Third Cause of Action

37. Plaintiff reiterates and re-pleads paragraphs 1 through 36 as set forth fully herein.

38. That plaintiff provided goods and services, specifically carpet sales, delivery and installation to Defendant TCP in good faith and with an expectation of compensation and Defendant TCP accepted the goods and services to Defendant TCP's benefit

without providing payment as expected.

39. Plaintiff acted in good faith when it provided said goods and services to Defendant TCP, and in its expectation of payment from Defendant TCP, to which it provided the goods and services, and notice of the reasonable value of the same through invoices and related documents.

40. Defendant TCP accepted said goods and services, thereby deriving a benefit from plaintiff that requires payment under quasi-contract, implied contract, and unjust enrichment principles.

41. Defendant TCP repeatedly acknowledged verbally and in writing, its commitment and obligation to provide compensation to plaintiff for goods and services rendered and expected.

42. Plaintiff is entitled to recovery from Defendant TCP as Defendant TCP has been unjustly enriched by plaintiff's provision of goods and services, Defendant TCP's acceptance of the goods and services, and Defendant TCP's nonpayment for the goods and services. Plaintiff R.D. Weis paid for a total of $616,462.95 of goods to its vendor(s) under the terms and conditions of the agreement, in order to complete its performance under the agreement, and in expectation of payment from Defendant RCP, and has not been paid by Defendant TCP.

43. Plaintiff R.D. Weis has been damaged in an amount yet to be determined by its payments to vendor(s) of $616,462.95 from its own cash/capital resources, and significantly reduced its cash resources in reliance and expectation of payment from Defendant TCP such that it has been unable to avail itself of its established cash discount with creditors and/or vendors.

44. Plaintiff has been damaged by Defendant's breach of quasi-contract principles, implied contract principles, and Defendant TCP's unjust enrichment from plaintiff's provision of goods and services without payment in the amount of $616,462.95 plus $5,000.00 per month for storage costs, plus interest and costs, with $199,587.17 actual goods and services provided and $416,604.78 ordered, received and stored in reliance on the agreement.

### Fourth Cause of Action

45. Plaintiff reiterates and re-pleads paragraphs 1 through 44 as set forth fully herein.

46. That plaintiff provided goods and services, specifically carpet sales, delivery and installation to Defendant TCP in good faith and with an expectation of compensation and Defendant TCP accepted the goods and services to Defendant TCP's benefit without providing payment as expected.

47. Plaintiff acted in good faith when it provided said goods and services to Defendant TCP, and in its expectation of payment from Defendant TCP, to which it provided the goods and services, and notice of the reasonable value of the same

48. Defendant TCP accepted said goods and services, received said goods and services, knew that the goods and services were provided by plaintiff with an expectation of payment such that plaintiff is entitled to a recovery of payment from Defendant TCP under quasi-contract, implied contract, and *quantum meruit* .

49. Plaintiff is entitled to recovery from Defendant TCP as Defendant TCP has received goods and services from plaintiff for which Defendant TCP has not made payment, and caused Plaintiff R.D. Weis to order and pay for an additional $416, 604.78 of goods in reliance on and under the terms of the agreement for which plaintiff has not

been paid.

50. Plaintiff R.D. Weis paid for a total of $616,462.95 of goods to its vendor(s) under the terms and conditions of the agreement, in order to complete its performance under the agreement, and in expectation of payment from Defendant RCP, and has not been paid by Defendant TCP.

51. Plaintiff R.D. Weis has been damaged in an amount yet to be determined by its payments to vendor(s) of $616,462.95 from its own cash/capital resources, and significantly reduced its cash resources in reliance and expectation of payment from Defendant TCP such that it has been unable to avail itself of its established cash discount with creditors and/or vendors.

52. Plaintiff has been damaged by Defendant's breach of quasi-contract principles and under *quantum meruit* in the amount of $616,462.95 plus $5,000.00 per month for storage costs, plus interest and costs, with $199,587.17 actual goods and services provided and $416,604.78 ordered, received and stored in reliance on the agreement.

**WHEREFORE**, plaintiff respectfully requests that this Court Order a Judgment:

1. That the Defendant THE CHILDREN'S PLACE be found in breach of its contract and agreement with Plaintiff R.D. Weis;

2. Against Defendant THE CHILDREN'S PLACE for said breach in the amount of $616,462.95 plus monthly storage costs of $5,000.00 per month and continuing, plus lost cash discount benefits in an amount to be determined, plus interest from March 1, 2008, and costs;

3. Against Defendant THE CHILDREN'S PLACE for breach of quasi contract, and for

Plaintiff's recovery under *quantum meruit* and unjust enrichment for benefit of goods and services provided and to be provided to Defendant TCP in the amount of $616,462.95 plus monthly storage costs of $5,000.00 per month and continuing, plus lost cash discount benefits in an amount to be determined, plus interest from March 1, 2008, and costs;

4. Awarding the plaintiff the reasonable attorneys' fees, costs and disbursements of this action; and

5. Any for such other and further relief as may seem just and proper by this Court.

Dated: May 5, 2008

The undersigned hereby states that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or contentions therein are not frivolous.

MATTHEW PERSANIS, ESQ. (MP1182)
**ELEFANTE & PERSANIS, LLP**
Attorneys for Plaintiff
670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000